IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELVIN BURTON, # B-13162, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00390-MJR |
| | ) |
| WARDEN ALAN MARTIN, | ) |
| DR. ALFONSO DAVID, and | ) |
| DR. DIANE SCHWARZ, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kelvin Burton, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is asserting an Eighth Amendment claim against Warden Alan Martin, Dr. Alfonso David and Dr. Diane Schwarz, in their individual capacities, for deliberate indifference to his serious medical needs (Doc. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff contends that he has been diagnosed with hepatitis C, and that he has liver damage that is causing him pain, but Defendants Dr. Alfonso David and Dr. Diane Schwarz have refused to treat him, and Defendant Warden Alan Martin has denied Plaintiff's requests for intervention. Thus, the complaint asserts a claim that the defendants have been deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

The laboratory test results and treatment notes attached to the complaint indicate that a hepatitis C diagnosis is equivocal. Similarly, it is not clear that Plaintiff actually has liver

damage or cirrhosis. In any event, Plaintiff sought medical treatment, complaining of pain and asking for a rectal exam.

**Discussion**

Based on the allegations of the complaint and supporting documentation, the Court finds that, at this stage, Plaintiff has stated a plausible Eighth Amendment claim against Dr. David and Dr. Schwarz for deliberate indifference to Plaintiff's serious medical needs. The Eighth Amendment claim against Dr. David and Dr. Schwarz shall proceed.

Relative to Warden Martin, even assuming he received the grievance and letter Plaintiff sent him explaining the denial of care and seeking assistance, an Eighth Amendment claim is not legally viable.

There is nothing to suggest that Warden Martin acted with deliberate indifference. "[T]he Warden of each prison … is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). A public employee who knows about a danger need not act to avert it, except where the public employee is involved in the creation of the peril. *See DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189 (1989); *Richman v. Sheahan,* 512 F.3d 876, 885 (7th Cir. 2008). The complaint does not suggest that Warden Martin had any part in the decision to deny Plaintiff treatment. It is also worth noting that "[t]he doctrine of *respondeat superior* does not apply to [Section] 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). For these reasons, the complaint fails to state a claim upon which relief can be granted as to Warden Martin in his individual capacity, and he shall be dismissed without prejudice.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, the Eighth Amendment claim against Defendant **WARDEN ALAN MARTIN** is **DISMISSED** without prejudice and **MARTIN** is **DISMISSED** from this action without prejudice.

IT IS FURTHER ORDERED that only the Eighth Amendment claim against Defendants **DR. ALFONSO DAVID** and **DR. DIANE SCHWARZ** for deliberate indifference to Plaintiff's serious medical needs shall proceed. This case shall now be captioned as: **Kelvin Burton, Plaintiff, vs. Dr. Alfonso David and Dr. Diane Schwarz, Defendants.**

The Clerk of Court shall prepare for Defendants **DR. ALFONSO DAVID** and **DR. DIANE SCHWARZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 13, 2013**

                                                       s/ *Michael J. Reagan*
                                                     **MICHAEL J. REAGAN**
                                                     **UNITED STATES DISTRICT JUDGE**